Mark D. Parker
Casey Heitz
PARKER, HEITZ & COSGROVE, PLLC
401 North 31st Street, Suite 805
P.O. Box 7212
Billings, MT  59103-7212
Telephone:  (406) 245-9991
Facsimile:  (406) 245-0971
E-mail:  markdparker@parker-law.com
         caseyheitz@parker-law.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| MOUNTAIN WEST HOLDING CO., INC., | Cause No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT; INJUNCTIVE RELIEF; AND DAMAGES** |
| THE STATE OF MONTANA; THE MONTANA DEPARTMENT OF TRANSPORTATION; and MR. MIKE TOOLEY, THE DIRECTOR OF THE MONTANA DEPARTMENT OF TRANSPORTATION, | |
| | **JURY TRIAL NOT DEMANDED** |
| Defendants. | |

COMES NOW the Plaintiff Mountain West Holding Co., Inc., and for its cause of action against the defendants alleges as follows:

1

## I. PARTIES

1.1 Mountain West Holding Co., Inc. ("Mountain West") is a corporation organized under the laws of the state of Montana.

1.2 The State of Montana is a government entity.

1.3 The Montana Department of Transportation ("MDT") is a department and administrative agency of the State of Montana.

1.4 Mr. Mike Tooley is the Director of the Montana Department of Transportation. He is named only in his official capacity.

## II. JURISDICTION

2.1 This action arises out of the requirements, policies, contracts, and regulations of the State of Montana Department of Transportation. It is brought to secure the rights of Mountain West as guaranteed by the due process and equal protection clause of the Fifth and Fourteenth Amendments of the United States Constitution and Title VI of the Civil Rights Act, 42 USC § 2000d-7.

2.2 The Court has jurisdiction pursuant to 28 USC § 1331 because this action arises under the Constitution and Laws of the United States.

2.3 The Court also has jurisdiction under 42 USC § 2000d-7.

2.4  Congress has abrogated the State's Eleventh Amendment Immunity pursuant to 42 USC § 2000d and 42 USC § 2000d - 7 (a)(1).

2.5  The State has waived its Eleventh Amendment Immunity as a condition of receiving federal funds and provided written assurances that it will not discriminate pursuant to 49 CFR 21.7.

### III.  VENUE

3.1  Venue is proper under 28 USC § 1391 (b) in that the Defendants reside within the District, as defined at 28 USC § 1391(d).

### IV.  FACTUAL ALLEGATIONS

4.1  The State of Montana, through the Montana Department of Transportation, receives and administers federal funds for the planning, design, construction, and repair of roads and highways.

4.2  As a result of the 9th Circuit decision in *Western States Paving Co. v. Washington State Department of Transportation*, 407 F.3d 983 (9th Cir. Wash., 2005) in 2005, the State of Montana ceased using race, national origin, and gender based preferences in highway construction contracts.

4.3  Based upon the 2010 D. Wilson Disparity Study, the State of Montana reinstated the race, national origin, and gender conscious goals in highway construction contracts.

4.4  The 2010 D. Wilson Disparity Study is not a valid predicate for establishment or reinstitution of race, national origin, and gender conscious goals.

4.5  Montana has instituted policies and practices which exceed the United States Department of Transportation requirements for Disadvantage Business Enterprise ("DBE") use.

4.6  The requirements established and enforced by the State of Montana and MDT impose preferences based upon race, national origin, and gender.

4.7  The requirements established and enforced by the State of Montana and MDT require general contractors to make decisions based upon race, national origin and gender.

4.8  The Montana DBE program is not narrowly tailored.

4.9  Mountain West is a contractor that provides construction specific traffic planning and staffing for construction projects.

4.10 Mountain West has in the past sought work as a subcontractor on highway construction contracts by submitting quotes to general contractors.

4.11 Mountain West will continue to seek work on highway construction projects.

4.12 Mountain West is and has been prevented from competing for work as a subcontractor on an equal basis as a result of policies and practices of the State of Montana and MDT.

4.13 Mountain West has been denied work as a subcontractor on the basis of race, national origin, and gender as a result of the policies and practices adopted by the State of Montana and MDT.

## V. FIRST CLAIM - DECLARATORY RELIEF

5.1 Plaintiff incorporates by reference each of the allegations set forth above.

5.2 The defendants' establishment and enforcement of race, national origin, and gender based preferences as a factor in the award and performance of contracts is a violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

5.3 The defendants' establishment and enforcement of the race, national origin, and gender based preferences violates Title VI of the Civil Rights Act, 42 USC § 2000d, *et seq.*

5.4 Mountain West asks the Court to declare such regulations, policies, and practices unconstitutional, pursuant to 28 USC § 2201 and 28 USC § 2202.

## VI.  SECOND CLAIM – DAMAGES

6.1 Mountain West incorporates by reference each of the allegations set forth above.

6.2 By the acts described above, the defendants have deprived Mountain West of equal protection of laws as guaranteed by the Fifth and Fourteenth Amendments of the Constitution and have violated Title VI, 42 USC § 2000d.

6.3 By the acts and conduct of defendants, Mountain West has suffered damages in such amounts as may be proven at trial.

## VII.  THIRD CLAIM - INJUNCTIVE RELIEF

7.1 The acts and conduct of the defendants will continue unless enjoined and restrained by the Court as provided for by Rule 65, F.R.Civ.P.

## VIII. PRAYER FOR RELIEF

Wherefore, the plaintiff Mountain West requests the Court to grant the following:

8.1 Entry of judgment declaring the use of race, national origin, and gender based preferences by the State of Montana and MDT in the award of highway construction and repair contracts is unconstitutional and violates Title VI;

8.2 Entry of appropriate injunctive relief;

8.3 Award such monetary damages as may be proven at trial;

8.4 Award attorney's fees and costs incurred; and

8.5 Such other and further relief as the Court deems just and proper.

DATED this 05th day of April, 2013.

                                       PARKER, HEITZ & COSGROVE, PLLC

                                       */s/ Casey Heitz*
                                       Mark D. Parker
                                       Casey Heitz
                                       Attorneys for Plaintiff, Mountain West Holding Co., Inc.