DAVID L. OHLER
VALERIE D. WILSON
Special Assistant Attorneys General
Montana Department of Transportation
P.O. Box 201001
Helena, MT 59620-1001
(406) 444-6094
(406) 444-6065
Email:  dohler@mt.gov; valwilson@mt.gov

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

_____

| | |
|---|---|
| MOUNTAN WEST HOLDING CO., INC., | Cause No. CV-13-49-BLG |
| Plaintiff, | |
| v. | BRIEF IN SUPPORT OF MOTION TO DISMISS |
| STATE OF MONTANA; MONTANA DEPARTMENT OF TRANSPORTATION; and MR. MIKE TOOLEY, DIRECTOR, | |
| Defendants. | |

_____

Defendants request, pursuant to Rule 12(b)(6), F.R.Civ.P., that the Court dismiss the Complaint for failure to state a claim for which relief may be granted, as more fully set forth herein.

//

INTRODUCTION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996).

I. MOUNTAIN WEST DOES NOT HAVE AN INDEPENDENT CAUSE OF ACTION UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.

In its first cause of action, Mountain West alleges that the State has violated "the due process and equal protection clauses of the Fifth and Fourteenth Amendments." *Complaint, ¶ 5.2.* In its second cause of action, Mountain West alleges that the State has "deprived Mountain West of equal protection of laws as guaranteed by the Fifth and Fourteenth Amendments of

the Constitution." *Complaint, ¶ 6.2.* Notably, Mountain West's Complaint alleges a direct cause of action under the Fifth and Fourteenth Amendments.

The Fourteenth Amendment is not self-executing. it provides that "Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Because the Fourteenth Amendment is not self-executing, Congress enacted § 1 of the Civil Rights Act of 1871, entitled "An Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States and other Purposes," which is now codified as 42 U.S.C. § 1983. In *Monroe v. Pape,* 365 U.S. 167 (1961), the Court made clear the necessity for § 1983 as the statutory vehicle for bringing claims under the Fourteenth Amendment. "It was one of the means whereby Congress exercised the power vested in it by § 5 of the Fourteenth Amendment to enforce the provisions of that Amendment." *Id. at 171*. [See also *Magana v. Commonwealth,* 107 F.3d 1436 (9th Cir. 1997); *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 925 (9th Cir. 2001), "This court has held that a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United State Constitution but must utilize 42 USC § 1983"]. Mountain West does not have a direct cause of action under the Fourteenth Amendment.

Mountain West's Fifth Amendment claim fares no better. The Fifth Amendment is understood as restraining the power of the United States government, and is not applicable to the states. *Barron v. City of Baltimore,* 32 U.S. 243, 247 (1833). The Supreme Court has, however, incorporated portions of the Bill of Rights, including the Fifth Amendment, through the Fourteenth Amendment. *See* e.g. *Duncan v. State of Louisiana,* 391 U.S. 145, 147-8 (1968). As already noted, Mountain West does not have an action under the Fourteenth Amendment, and therefore no direct action under the Fifth Amendment.

## II. DEFENDANT MIKE TOOLEY IS ENTITLED TO DISMISSAL FROM THE COMPLAINT.

Plaintiff has named as a Defendant in the caption of its Complaint, Mike Tooley, Director of the Department of Transportation. In the body of the Complaint, the only allegation concerning Mr. Tooley is found in paragraph 1.4, in which it is alleged that Mr. Tooley "is the Director of the Montana Department of Transportation."

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974). In a Title VI action, a complaint

should be dismissed if it fails to allege any acts of discrimination by individual defendants acting in their official capacity. *Lee Testing and Engineering v. Ohio Dept. of Transportation,* 855 F.Supp. 2d 722, 727-8 (S.D. Ohio 2011).

Mr. Tooley must be dismissed from Mountain West's Title VI claim for another reason. To state a claim for damages under Title VI, a plaintiff must allege that 1) the entity involved is engaging in discrimination, and 2) the entity involved is receiving federal financial assistance. *Fobbs v. Holy Cross Health,* 29 F.3d 1439, 1447 (9th Cir. 1994). The proper defendant in a Title VI action is an entity, not an individual. *Jackson v. Katy Independent School Dist.,* 951 F.Supp. 1293, 1298 (S.D.Tx. 1996).

The Complaint fails to state a claim against Mr. Tooley, and he is entitled to dismissal.

### III. THE STATE OF MONTANA AND DEPARTMENT OF TRANSPORTATION ARE ENTITLED TO DISMISSAL AS THEY ARE IMMUNE FROM SUIT.

Mountain West's Complaint is insufficient to support its claims for declaratory and injunctive relief and damages against the State of Montana and MDT under the 5th and 14th Amendment to the U.S. Constitution. To obtain relief against Montana or the Department, Mountain West must establish an exception to the State's sovereign immunity under the Eleventh

Amendment. The Eleventh Amendment deprives "federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)). In this case, the State of Montana has not consented to federal jurisdiction, and Mountain West's request for relief against the State and MDT under the 5th and 14th Amendment must be dismissed.

IV. MOUNTAIN WEST'S CLAIM UNDER TITLE VI OF GENDER BASED DISCRIMINATION MUST BE DISMISSED BECAUSE TITLE VI DOES NOT PROHIBIT DISCRIMINATION BASED UPON GENDER.

42 USC § 2000d, commonly referred to as Title VI, provides that, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." "[B]y its plain terms, Title VI only bars discrimination on the basis of "race, color, or national origin." *Lee Testing and Engineering v. Ohio Dept. of Transportation,* 855 F.Supp. 2d 722, 727 (S.D. Ohio 2011). Mountain West's claim of gender discrimination pursuant to Title VI should be dismissed for failure to state a claim.

## V.   THE COMPLAINT FAILES TO STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE.

Fed.Rules Civ.Proc 8(a)(2), provides: "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss. The Court must ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Then, assuming the veracity of the remaining facts, "a complaint must contain sufficient factual matter ... to 'state a claim [for] relief that is plausible on its face.' " *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

The Court has held that while this plausibility standard is not "akin to a 'probability requirement,' " it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556,

127 S.Ct. 1955). Pleading facts that are "'merely consistent with' a defendant's liability" is insufficient. *Id.* (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955).

Mountain West's Complaint is insufficient to support its claims for declaratory and injunctive relief and damages against MDT and Director Tooley under Title VI of the Civil Rights Act. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must show that: (1) the defendant was discriminated against, (2) the discrimination was intentional, and (3) the discrimination was a "substantial" or "motivating factor" in the defendant's actions. See *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir.2001). Additionally, by the plain language of Title VI, the discrimination alleged must be "on the ground of race, color, or national origin."

In this case, Mountain West has not plead sufficient facts to support a plausible inference that it has been subject to discrimination; that discrimination was intentional; or discrimination was a substantial or motivating factor, or that the discrimination was based upon race, national

origin and/or color. Mountain West's Complaint sets forth conclusory allegations that it "is and has been prevented from competing for work… on an equal basis," *Complaint ¶ 4.12*, and "has been denied work as a subcontractor on the basis of race, national origin, and gender," *Complaint ¶ 4.13*, that are insufficient to support a claim for relief. These conclusory allegations must be ignored in determining whether Mountain West has pled a claim plausible on its face. *Ashcroft, supra.*

The remaining, non-conclusory factual allegations may be summarized as follows:

> 4.2 In 2005, the State ceased using race, national origin, and gender based preferences in highway construction contracts.
>
> 4.3 The State reinstated race, national origin, and gender conscious goals in highway construction contracts.
>
> 4.6 The State and MDT have established requirements that impose preferences based upon race, national origin, and gender.
>
> 4.7 The requirements require general contractors to make decisions based upon race, national origin, and gender.
>
> 4.9 Mountain West is a contractor that provides traffic planning and staffing for construction projects.
>
> 4.10 Mountain West has previously submitted quotes to general contractors seeking work as a subcontractor on highway construction contracts.
>
> 4.11 Mountain West will continue to seek work on highway construction projects

The remaining, non-conclusory factual allegations do not permit the Court to infer more than "the mere possibility of misconduct" which is insufficient to show "that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679 (citing Fed.Rule Civ. Proc. 8(a)(2)). Mountain West has not alleged that it has been discriminated against. While Mountain West has alleged that Defendants have established requirements establishing preferences, Mountain West has not alleged any non-conclusory facts that general contractors have done anything to Mountain West. The State, Department and Director Tooley are entitled to dismissal of the Complaint and the claims filed therein pursuant to *Twombly* and *Iqbal.*

## CONCLUSION

Mountain West's Complaint fails to meet the requirements of Rule 8, F.R.Civ.P. The Complaint does not contain sufficient factual matter to state a claim for relief that is plausible on its face. All Defendants are entitled to have the complaint dismissed for failure to state a claim for which relief may be granted.

Mountain West's Fifth and Fourteenth Amendment claims should be dismissed against all Defendants. There is no direct cause of action under the United State Constitution.

Mike Tooley is entitled to dismissal from the Complaint because there are no factual allegations pled in the Complaint concerning Mr. Tooley. Mr. Tooley is also entitled to dismissal on Mountain West's Title VI claim because that claim must be brought against the entity receiving federal funds.

The State and Department enjoy sovereign immunity. They are entitled to dismissal on Plaintiff's constitutional claims.

Mountain West's claims of gender discrimination under Title VI must be dismissed as to all Defendants because Title VI only proscribes discrimination based on race, color or national origin.

DATED this 13<u>th</u> day of May, 2013.

<u>/s/ Valerie D. Wilson</u>
DAVID L. OHLER
VALERIE D. WILSON
Attorneys for Defendants