Gary Lofland
HALVERSON |NORTHWEST
405 E. Lincoln
PO Box 22550
Yakima, WA 98907
Telephone:  (509) 452-2828
Facsimile:  (509) 453-6880
E-mail: glofland@glofland.net

Mark D. Parker
Casey Heitz
PARKER, HEITZ & COSGROVE, PLLC
401 North 31st Street, Suite 805
P.O. Box 7212
Billings, MT   59103-7212
Telephone:  (406) 245-9991
Facsimile:  (406) 245-0971
E-mail:  markdparker@parker-law.com
        caseyheitz@parker-law.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| MOUNTAIN WEST HOLDING CO., INC., | ) ) ) No. CV-13-49-DLC |
| Plaintiff, | ) |
| v. | ) ) FIRST AMENDED COMPLAINT ) FOR DECLARATORY |
| THE STATE OF MONTANA, et. al., | ) JUDGMENT; INJUNCTIVE ) RELIEF; AND DAMAGES ) |
| Defendants. | ) |

1

COMES NOW the plaintiff Mountain West Holding Co., Inc., and for its causes of action against the defendants alleges as follows:

## I. PARTIES

1.1 Mountain West Holding Co., Inc. ("Mountain West") is a corporation organized under the laws of the State of Montana.

1.2 The State of Montana is a government entity.

1.3 The Montana Department of Transportation ("MDT") is a department and administrative agency of the State of Montana.

1.4 Mr. Michael Tooley is the Director of MDT. He is named only in his official capacity.

1.5 Ms. Patti McCubbins is MDT's Civil Rights Bureau Chief and DBE Liaison Officer. She is named only in her official capacity.

1.6 Ms. Wendy Stewart is MDT's DBE Program Manager. She is named only in her official capacity.

## II. JURISDICTION

2.1 This action arises out of the requirements, policies, contracts, and regulations of the State of Montana and MDT. It is brought to secure the rights of Mountain West as guaranteed by the Equal Protection

Clause of the Fourteenth Amendment of the United States Constitution, Title VI of the Civil Rights Act, 42 USC § 2000(d)(7), and 42 USC § 1983.

2.2  The Court has jurisdiction pursuant to 28 USC § 1331 because this action arises under the Constitution and Laws of the United States.

2.3  The Court also has jurisdiction under 42 USC § 2000 (d)(7).

2.4  Congress has abrogated the State of Montana's Eleventh Amendment Immunity pursuant to 42 USC § 2000(d)(A)(i) and 42 USC 2000 – 7 (a)(1).

2.5  The State of Montana has waived its Eleventh Amendment Immunity as a condition of receiving federal funds and provided written assurances that it will not discriminate pursuant to 49 CFR 21.7.

2.6  Mr. Tooley, Ms. McCubbins, and Ms. Stewart cannot avail themselves of the State of Montana's Eleventh Amendment Immunity because they are being sued in their official capacities and only for prospective declaratory and injunctive relief.

### III.  VENUE

3.1  Venue is proper under 28 USC § 1391(b) because the Montana Defendants reside within the District and a substantial part of the

events or omissions giving rise to the claims in this complaint occurred in the District.

## IV. FACTUAL ALLEGATIONS

4.1 Mountain West is a contractor that provides construction-specific traffic planning and staffing for construction projects as well as the installation of signs, guardrails, and concrete barriers.

4.2 White males own and control Mountain West.

4.3 Mountain West is not a disadvantaged business enterprise ("DBE") and does not meet the criteria to become certified as a DBE.

4.4 The State of Montana, through MDT, receives and administers federal funds from the U.S. Department of Transportation and the Federal Highway Administration for the planning, design, construction, and repair of roads and highways.

4.5 As a result of the 9th Circuit decision in *Western States v. Washington Department of Transportation*, in 2005 the State of Montana ceased using race, national origin, and gender-based preferences in highway construction contracts.

4.6 The State of Montana thereafter commissioned a disparity study by D. Wilson in 2009.

4.7 Based upon the D. Wilson Disparity Study, the State of Montana reinstated the race, national origin, and gender-conscious goals in highway construction contracts. These goals establish preference in the award of MDT contracts and subcontracts for Black Americans, Native Americans, Asian Pacific Americans, Subcontinent Asian Americans, Hispanic Americans, and women.

4.8 At the time the State reinstated such goals and preferences, the State of Montana did not have a strong basis in evidence to show there was past discrimination in the highway construction industry in Montana and that the implementation of race, gender, and national origin preferences were necessary or appropriate.

4.9 Montana has instituted policies and practices which exceed the United States Department of Transportation requirements for Disadvantage Business Enterprise ("DBE") use.

4.10 The D. Wilson Study contains a subcontractor disparity analysis for the categories of "business categories combined," "construction," and "professional services." While the 2009 D. Wilson Study did conclude that all relevant minority groups were underutilized in "professional services" and Asian Pacific Americans and Hispanic Americans were underutilized in "business categories combined," it concluded that all

relevant minority groups were significantly *overutilized* in construction.

4.11 In the 2009 D. Wilson Study, a "disparity index" of 100 means that a particular DBE group, such as Black Americans or Hispanic Americans, has been awarded the proportion of MDT contract dollars that would be expected given the percentage—as compared to all subcontractors—of ready, willing, and able Black American or Hispanic American contractors. A disparity index of less than 80 is considered a "significant underutilization" of a DBE group.

4.12 The 2009 D. Wilson Study states that, in the construction subcontractor category, Black Americans have a disparity index of 343.43; Native Americans have an index of 732.08; Asian Pacific Americans have an index of 342.39; Hispanic Americans have an index of 144.24; nonminority women have an index of 319.29; and "other DBEs" have an index of 161.14. That means that each of the DBE groups in the construction subcontractor category have been awarded or received a disproportionately high percentage of MDT contract dollars for highway construction subcontractor work.

4.13 Although the disparity study demonstrates that DBE groups are significantly overrepresented in the highway construction field, MDT

has established preference for DBE construction subcontractor firms over non-DBE construction subcontractor firms in the award of contracts. As a result, DBE construction subcontractor firms are awarded a windfall of MDT dollars on based on race, national origin, and gender-based preferences. Such preferences are at the expense of non-DBE construction subcontractor firms and taxpayers (as DBE firms often offer higher bids than non-DBE firms).

4.14 Prime contractors with the low bid on a given MDT contract will not be awarded the contract unless they use a specified percentage of DBE subcontractors without any differentiation between overutilized construction DBE firms and underutilized professional services DBE firms. This occurs though professional service contract dollars constitute just a small portion of the total dollars awarded in MDT contracts.

4.15 Mountain West has in the past sought work as a subcontractor on highway construction contracts by submitting quotes to prime contractors.

4.16 Mountain West will continue to seek work on highway construction projects and is ready, willing, and able to perform upon such projects. Mountain West will seek work, in the near future, on other MDT

contract in which the prime contractor will be required to give preference to DBE construction subcontractors.

4.17 On or about September 20, 2012, Mountain West submitted a quote to Helena Sand & Gravel, a prime contractor submitting a bid to MDT for the "Canyon Ferry Road - Helena" contract. Although Mountain West was the low-quoting subcontractor for construction-site traffic control, Helena Sand & Gravel selected the quote of HL Construction Inc., a DBE subcontractor that is Native American owned. Helena Sand & Gravel did so in order to comply with MDT DBE Program requirements. Helena Sand & Gravel was awarded the contract.

4.18 On or about October 11, 2012, Mountain West submitted a quote to Knife River Belgrade, a prime contractor submitting a bid to MDT for the "Amsterdam Road/I-90 Eastbound Onramp" contract. Although Mountain West was the low-quoting subcontractor for construction-site traffic control, Knife River Belgrade required Mountain West to give a portion of its contract work to L & J Construction Group, LLC, a DBE subcontractor that is owned by women. Knife River Belgrade did so in order to comply with MDT DBE Program requirements. Knife River Belgrade was awarded the contract.

4.19 On or about November 8, 2012, Mountain West submitted a quote to Riverside Contracting, a prime contractor submitting a bid to MDT for the "Bonner Interchange - East (I-90)" contract. Although Mountain West was the low-quoting subcontractor for construction-site traffic control, Knife River Belgrade required Mountain West to give a portion of its contract work to L & J Construction Group. Riverside Contracting did so in order to comply with MDT DBE Program requirements. Riverside Contracting was awarded the contract.

4.20 On or about November 8, 2012, Mountain West submitted a quote to Schellinger Construction, a prime contractor submitting a bid to MDT for the "Norris East" contract. Although Mountain West was the low-quoting subcontractor for construction-site traffic control, Schellinger Construction required Mountain West to give a portion of its contract work to L & J Construction Group. Schellinger Contracting did so in order to comply with MDT DBE Program requirements. Schellinger Contracting was awarded the contract.

4.21 Mountain West is, has been, and will in the future be, prevented from competing for work as a construction subcontractor on an equal basis as a result of the policies and practices of the State of Montana and

MDT that provide preferences based upon race, gender, and national origin. Although Mountain West submitted the low quote for the services in the four above-mentioned contracts, its bids were not accepted, or were only partially accepted, by the respective prime contractors only because it is owned and controlled by white males. Mountain West would have been awarded the contracts but for race, national origin, and gender contracting preferences imposed by MDT.

4.22 Mountain West has been denied work as a subcontractor (and likely will be in the future) on the basis of race, national origin, and gender as a result of the policies, practices, and regulations adopted by the State of Montana and MDT.

## V. FIRST CLAIM – VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 USC. § 1983

**(Defendants Mr. Tooley, Ms. McCubbins, and Ms. Stewart)**

5.1 Mountain West incorporates by reference each of the allegations set forth above.

5.2 While acting in their official capacities and under color of state law, Mr. Tooley, Ms. McCubbins, and Ms. Stewart administered MDT's DBE Program, effectuated its goals and purposes, and enforced its provisions, including race, gender, and national origin based preferences.

5.3   Mr. Tooley, as the Director of MDT, is an appointed member of the Governor of Montana's cabinet.  As Director, Mr. Tooley has ultimate responsibility for MDT's activities and services, including its adoption, implementation, and enforcement of the DBE Program.  Mr. Tooley (and/or his predecessor in the office) approved the DBE Program as it presently constituted.

5.4   Ms. McCubbins, as DBE Liaison Officer, has direct, independent access to the Department Director for purposes of receiving direction as to how to implement and enforce the DBE Program.  Ms. McCubbins supervises the DBE Program and is directly responsible for its implementation and enforcement.   Ms. McCubbins supervises and is ultimately responsible for Ms. Stewart.

5.5   Ms. Stewart, as the DBE Program Manager, is responsible for managing the day-to-day operations of the MDT DBE Program.  Ms. Stewart oversees the MDT Program.

5.6   Ms. Stewart is responsible for the certification of DBEs, including L & J Construction Group and HL Construction.

5.7   Ms. Stewart is responsible for enforcing compliance with the DBE Program requirements, which have resulted in Mountain West losing

contracts to DBE construction subcontractors based upon race, gender, and national origin.

5.8 Ms. Stewart is responsible for decisions, of behalf of MDT, to reject bids from prime contractors who do not meet DBE requirements regarding subcontractors.

5.9 In administering the DBE Program and enforcing its requirements, Mr. Tooley, Ms. McCubbins, and Ms. Stewart treated Mountain West differently than similarly situated subcontractors—such as HL Construction and L & J Construction Group—based upon race, gender, and national origin— Mountain West is owned and controlled by white males. Mr. Tooley, Ms. McCubbins, and Ms. Stewart did so by compelling prime contractors through the threat of not being awarded MDT contracts, to select the higher quotes of DBEs over the lower bids of Mountain West.

5.10 Mr. Tooley, Ms. McCubbins, and Ms. Stewart acted with discriminatory intent because the purpose of MDT's DBE Program is to favor minority owned businesses over white-male-owned businesses in reliance upon the fundamentally flawed 2010 D. Wilson Disparity Study. These race, national origin, and gender-based preferences were both intentional and discriminatory.

5.11 Mountain West suffered an injury as a result of Mr. Tooley, Ms. McCubbins, and Ms. Stewart's actions because those actions resulted in Mountain West having its low quotes rejected in favor of higher quotes from DBE construction subcontractors, including L & J Construction Group and HL Construction.

5.12 As a result of Mr. Tooley, Ms. McCubbins, and Ms. Stewart's conduct, Mountain West is entitled to declaratory and injunctive relief against those defendants in their official capacities under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 USC § 1983.

## VI. SECOND CLAIM - DECLARATORY RELIEF - 28 USC § 2201

**(Defendants Mr. Tooley, Ms. McCubbins, and Ms. Stewart)**

6.1 Mountain West incorporates by reference each of the allegations set forth above.

6.2 The Montana DBE Program does not have a valid statistical basis for the establishment or reinstitution of race, national origin, and gender conscious goals. MDT inappropriately relies upon the 2009 D. Wilson Study as the basis for its DBE Program, however, the 2009 D. Wilson Study and its methodology are fundamentally and seriously flawed.

6.3 MDT bases its DBE goal on the combined and unweighted data for professional services subcontractors and construction subcontractors even though more than 90% of the dollars MDT spends are in construction. This means that the underutilized DBE professional service firms are vastly over weighted as compared to the significantly overutilized DBE construction firms.

6.4 The 2009 D. Wilson Study "contractor disparity ratio," which MDT utilizes in setting its DBE goals, is based upon subcontractor utilization as compared to the total (prime and subcontractor) dollars awarded, not just the subcontractor dollars awarded. This creates a skewed ratio because subcontractors compete for only a fraction of the dollars in a given contract. As a result, DBE subcontractors appear underutilized even if they received their proportional share, or more, of available subcontracting dollars.

6.5 The 2009 D. Wilson Study utilized anecdotal evidence that is insufficient to support the DBE Program. Only three firm owners testified at the four public hearings undertaken for purposes of the study. In personal interviews, only 22 persons owning construction firms were contacted. Four of these persons were Native American,

nine were white women, and nine were white males. This is insufficient to establish, or to help establish, systemic discrimination.

6.6　The Montana DBE Program is not narrowly tailored because it disregards large differences in DBE firm utilization in MDT contracts as among three different categories of subcontractors: business categories combined, construction, and professional services.

6.7　The MDT DBE certification process is not narrowly tailored because the certification process does not require the applicant to specify any specific racial or ethnic prejudice or cultural bias that had a negative impact upon his or her business success. Nor does the certification process require the applicant to certify that he or she was discriminated against in the State of Montana in highway construction. Instead, the applicant makes a general assertion that, at some unspecified point in time, he or she has been subjected to discrimination at some unidentified location.

6.8　An actual and substantial controversy exists between the Plaintiff and Defendants Mr. Tooley, Ms. McCubbins, and Ms. Stewart as to their respective legal rights and duties. Plaintiff contends that the Defendants' establishment and enforcement of race, national origin, and gender-based preferences as a factor in the award and

performance of contracts is a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

6.9  There is a present justiciable controversy between the parties regarding the constitutionality of Defendants' race, national origin, and sex-based requirements. Plaintiff has been, is, and will be directly, adversely, and irreparably affected by MDT's DBE Program and Defendants Mr. Tooley, Ms. McCubbins, and Ms. Stewart's continuing administration, implementation, and enforcement of a discriminatory DBE Program now and in the future. A judicial determination of rights and responsibilities arising from this actual controversy is necessary and appropriate at this time.

6.10 Mountain West asks the Court to declare such regulations, policies, and practices unconstitutional as applied.

## VII.  THIRD CLAIM – VIOLATION OF TITLE VI, 42 USC § 2000d.

### (Defendants State of Montana and MDT)

7.1  Mountain West incorporates by reference each of the allegations set forth above.

7.2   The State of Montana, through MDT, is involved in race, color, and national origin discrimination because it gives preference in awarding contracts based upon the awardees' race, color, and national origin,

by providing preferences to Black Americans, Native Americans, Asian Pacific Americans, Subcontinent Asian Americans, and Hispanic Americans over others.

7.3  The State of Montana, through MDT, receives and administers federal funds for the planning, design, construction, and repair of roads and highways within the State of Montana.

7.4  By the acts and conduct of defendants MDT and the State of Montana, Mountain West has suffered damages in such amounts as may be proven at trial.

## VIII.  FOURTH CLAIM - INJUNCTIVE RELIEF
## (Defendants Mr. Tooley, Ms. McCubbins, and Ms. Stewart)

8.1  The acts and conduct of Defendants will continue unless enjoined and restrained by the Court.

## IX.  PRAYER FOR RELIEF

Wherefore, the plaintiff, Mountain West, requests the Court to grant the following:

9.1  Entry of judgment declaring the use of race, national origin, and gender based preferences in the award of highway construction and repair contracts is unconstitutional as applied;

9.2  Entry of appropriate injunctive relief;

9.3     Award such monetary damages as may be proven at trial against the State of Montana and MDT;

9.4     Award attorney's fees and costs incurred; and

9.5     Such other and further relief as the Court deems just and proper.


DATED this 3rd day of June, 2013.

                          HALVERSON |NORTHWEST
                          */s/ Gary E. Lofland*
                          Gary E. Lofland
                          Attorneys for Plaintiff, Mountain West Holding Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of June, 2013, I electronically filed the foregoing document entitled *First Amended Complaint for Declaratory Judgment; Injunctive Relief; and Damages* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David L. Ohler:  dohler@mt.gov

Val Wilson:  valwilson@mt.gov

Casey Heitz:  caseyheitz@parker-law.com

Mark D. Parker:  markdparker@parker-law.com

/s/Janet Greenwalt
Janet Greenwalt
Legal Assistant
Halverson | Northwest

g:\gel\janet\clients\mountain west holding co\pleadings drafts prior to filing\june 3 2013\amended complaint draft.doc

6/3/2013 2:24 pmmsoffice