DAVID L. OHLER
VALERIE D. WILSON
Special Assistant Attorneys General
Montana Department of Transportation
P.O. Box 201001
Helena, MT 59620-1001
(406) 444-6094
(406) 444-6065
Email: dohler@mt.gov; valwilson@mt.gov

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MOUNTAN WEST HOLDING CO., INC., | Cause No. CV-13-49-BLG |
| Plaintiff, | |
| v. | ANSWER TO FIRST AMENDED COMPLAINT |
| STATE OF MONTANA; MONTANA DEPARTMENT OF TRANSPORTATION; and MR. MIKE TOOLEY, DIRECTOR, | |
| Defendants. | |

Defendants answer the First Amended Complaint for Declaratory Judgment; Injunctive Relief; and Damages as follows:

1.1     Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

1.2     Admit.

1.3     Admit.

1.4     Admit first sentence. Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations, therefore they are denied.

1.5     Admit first sentence. Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations, therefore they are denied.

1.6     Deny first sentence. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation. Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations, therefore they are denied.

2.1     Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

2.2 The allegation states a legal conclusion to which no response is necessary. To the extent that there are allegations of fact, they are denied.

2.3 The allegation states a legal conclusion to which no response is necessary. To the extent that there are allegations of fact, they are denied.

2.4 The allegation states a legal conclusion to which no response is necessary. To the extent that there are allegations of fact, they are denied.

2.5 The allegation states a legal conclusion to which no response is necessary. To the extent that there are allegations of fact, they are denied.

2.6 The allegation states a legal conclusion to which no response is necessary. To the extent that there are allegations of fact, they are denied.

3.1 The allegation states a legal conclusion to which no response is necessary. To the extent that there are allegations of fact, they are denied.

4.1 Admit.

4.2  Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.3  Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.4  Admit.

4.5  Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.6  Admit that MDT commissioned a disparity study by D.Wilson in 2009. Deny all other allegations of fact.

4.7  Deny.

4.8  Deny.

4.9  Deny.

4.10 Admit first sentence. Deny second sentence.

4.11 Admit.

4.12 Admit that Table ES-2 in the D.Wilson Study includes the information alleged in the first sentence of paragraph 4.12. Deny all other allegations of fact.

4.13 Deny.

4.14 Deny.

4.15 Admit.

4.16 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.17 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.18 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.19 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.20 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

4.21 Deny first sentence. Defendants are without sufficient information to form a belief as to the truthfulness of the remainder of the allegations, therefore they are denied.

4.22 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

5.1 Defendants incorporate by reference each of their responses set forth above.

5.2 Deny. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation. Affirmatively allege that Ms. McCubbins administers MDT's DBE Program.

5.3 Admit.

5.4 Admit first two sentences. Deny third sentence. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation.

5.5 Deny. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation.

5.6 Deny. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation.

5.7 Deny. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation.

5.8 Deny. Affirmatively allege that Ms. Stewart no longer works for the Department of Transportation.

5.9 Deny.

5.10 Deny.

5.11 Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

5.12 Deny.

6.1 Defendants incorporate by reference each of their responses set forth above.

6.2 Deny.

6.3 Deny.

6.4 Deny.

6.5 Deny first sentence. Admit second, third and fourth sentences. Deny last sentence.

6.6 Deny.

6.7 Deny.

6.8  Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

6.9  Deny.

6.10  Defendants are without sufficient information to form a belief as to the truthfulness of the allegations, therefore they are denied.

7.1  Defendants incorporate by reference each of their responses set forth above.

7.2  Deny.

7.3  Admit.

7.4  Deny.

8.1  Deny.

8.2  Defendants deny any allegations of fact not specifically admitted herein.

## AFFIRMATIVE DEFENSES

I.  The complaint fails to state a claim for which relief may be granted.

II.  The Defendants are immune from suit pursuant to the Eleventh Amendment.

III. Plaintiff lacks standing.

IV. Defendants are entitled to qualified immunity.

V. The Plaintiff's claims of injury and damages, if any, were caused or contributed to by its own actions or the acts of third parties which bars it from seeking relief from Defendants.

## APPLICABILITY OF AFFIRMATIVE DEFENSES

At this time, Defendants are not certain as to what affirmative defenses may apply if this case proceeds to trial. Defendants expressly reserve the right to plead other affirmative defenses as discovery of the case progresses. Further, Defendants will dismiss any affirmative defense at the pretrial conference which does not appear to be reasonably supported by the facts and/or the law.

WHEREFORE, the Defendants pray that:
1. Judgment be entered in their favor;
2. Plaintiff's complaint be dismissed with prejudice;
3. Plaintiff take nothing against the Defendants, and
4. The Court award the Defendants their costs and attorney's fees.

DATED this 14th day of June, 2013.

/s/ David L. Ohler
DAVID L. OHLER
VALERIE D. WILSON
Attorneys for Defendants

CERTIFICATE OF SERVICE

      I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on the 14th day of June, 2013, which will send notification of said filing to the following:

Mark D. Parker    markdparker@parker-law.com
Gary Lofland      glofland@glofland.net
Casey Heitz      caseyheitz@parker-law.com

/s/ _David L. Ohler_