IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| MOUNTAIN WEST HOLDING CO. INC., | CV 13–49–BLG–DLC |
| Plaintiff, | ORDER |
| vs. | |
| STATE OF MONTANA; and MONTANA DEPARTMENT OF TRANSPORTATION, | |
| Defendants. | |

Before the Court are a number of pending motions, including the parties' second round of Cross-Motions for Summary Judgment (Docs. 116; 120), Defendants State of Montana's and Montana Department of Transportation's (collectively "the State") Motions in Limine to exclude the testimony of Terri Larson and Plaintiff Mountain West Holding Co.'s ("Mountain West") damage calculations (Docs. 124; 126), Mountain West's Motion in Limine to exclude the rebuttal report and testimony of Bryce Ward (Doc. 128), Mountain West's Motion to Amend (Doc. 139), and Mountain West's Motion to Strike the 2016 Disparity Study (Doc. 141). The Cross-Motions for Summary Judgment are opposed. The State's Motions in Limine are opposed. Mountain West's remaining motions

do not indicate whether the motions are opposed, as required by Local Rule 7.1(c)(1). While the State filed a brief in opposition to Mountain West's Motion in Limine, there has not been a response to either Mountain West's Motion to Amend or Motion to Strike. For the reasons explained, the Court denies the Cross-Motions for Summary Judgment and the Motions in Limine. The Court grants Mountain West's Motion to Amend, and reserves ruling until trial on Mountain West's Motion to Strike.

This case is back before the Court due to the memorandum disposition issued by the United States Court of Appeals for the Ninth Circuit in *Mountain West Holding Co. v. Montana*, 691 Fed. Appx. 326 (9th Cir. 2017) ("Doc. 108"), which affirmed in part and reversed in part this Court's November 26, 2014, Summary Judgment Order (Doc. 99). All of Mountain West's original claims for injunctive and declaratory relief were dismissed, leaving only the claim for damages under Title VI. The matter is currently set for a bench trial on February 26, 2018. (Doc. 115.) It is important to note that the Ninth Circuit found that there were genuine disputes of material fact which precluded the entry of summary judgment in this case.

### I. Cross-Motions for Summary Judgment

A party is entitled to summary judgment if it can demonstrate that "there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

In reading the Cross-Motions for Summary Judgment, the Court is reminded of the metaphor of "two ships passing in the night."[1] It is clear from reading the briefs, supporting documents, and statements of disputed and undisputed facts, that there is little common ground and even less agreement as to the applicable material facts and governing legal principles. There is certainly not the makings of a summary judgment that the court could appropriately enter in favor of either party. Having been reversed once for failing to recognize disputed issues of material fact, the Court is sensitive to not making the same mistake again. The current list of disputed issues of material facts is long and includes, without limitation, the following:

- Did the State rely on the Wilson Study or not?
- Did the State rely on factors other than race or gender to determine that there was lower than expected participation of Disadvantaged Business

---

[1] This metaphoric expression comes from Henry Wadsworth Longfellow's poem "The Theologian's Tale", published in Tales of a Wayside Inn, 1873. It is commonly used to refer to people who meet for a brief but intense moment and then part, never to see each other again, like two ships that greet each other with flashing lights and then sail off into the night.

-3-

Enterprises ("DBE")?

- What is the evidence of past discrimination in the Montana highway construction industry?

- Was Mountain West at a competitive disadvantage and, if so, why?

- Depending on the applicable legal standard to be applied, which the parties contest, what is the evidence of discriminatory intent or discriminatory impact/effect by the State?

- What are the details of the Canyon Ferry Road-Helena project, the Amsterdam Road/I-90 Eastbound Onramp contract, the Bonner Interchange-East (I-90) contract, and the Norris East Contract which form the basis of Mountain West's damages claims?

- Assuming Mountain West is entitled to damages, what is the basis for and the amount of these damages?

Again, this list is not intended to be an exhaustive list of all of the questions of material fact that remain unresolved, but to illustrate the impediment to summary judgment that remains in this case. The obvious solution is to proceed to trial as scheduled on February 26, 2018. Thus, the Cross-Motions for Summary Judgment will be denied.

## II. The Parties' Motions in Limine

The State moves in limine to exclude the expert testimony of Mountain West employee Terri Larson arguing that Larson's opinions regarding Mountain West's damages are unreliable and that she lacks the requisite qualifications to offer opinions in this case. The State also moves in limine to exclude Mountain West's "new" damages calculation as evidence of damages going forward because the damage calculation was submitted two days after the deadline provided for the submission of such evidence when it was submitted in September, 2014. The State claims prejudice from this late filing.

Mountain West moves in limine to exclude the rebuttal expert report of the State's damage expert, Bryce Ward, arguing that he is unqualified to offer opinions and the opinions are unreliable.

Motions in limine are procedural devices used to obtain an early and preliminary ruling on the admissibility of evidence. *BNSF Ry. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827 at *1 (D. Mont. 2010). A motion in limine should not be used to resolve factual disputes or weigh evidence. *Id.* Evidence shall be excluded in limine only when it is shown that the evidence is "inadmissible on all potential grounds." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."

*Id.* "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* Rulings on motions in limine are provisional and "the trial judge may always change his mind during the course of trial." *Id.* (quoting *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000)).

The Court is disinclined to exclude expert opinions in a pretrial motion based on lack of qualifications and reliability, particularly when the case will be tried to the Court without a jury. Here, the criticisms of the experts may not warrant exclusion, but may raise issues of the weight to be afforded the opinions instead. In any event, these are issues best developed at trial. Additionally, while the Court recognizes that late disclosure "may" result in exclusion, the Court is disinclined to exercise this sanction at this time. Accordingly, the three Motions in Limine will be denied, subject to renewal at the time of trial.

### III. Mountain West's Motion to Amend

Mountain West seeks leave to file its second amended complaint. The State has not filed any response opposing this motion. The Court finds that the proposed second amended complaint fairly alleges claims consistent with the Ninth Circuit's memorandum disposition. Thus, this motion will be granted.

Mountain West shall immediately file its second amended complaint, and the State shall file an answer to the second amended complaint on or before Friday, February 9, 2018. Furthermore, the Court determines that Mountain West has standing to pursue the claims alleged in the second amended complaint, and that the Defendants in the case are the State of Montana and the Montana Department of Transportation.

### IV. Mountain West's Motion to Strike

Mountain West moves to strike the 2016 disparity study referenced by the State in its brief in response to Mountain West's Motion for Summary Judgment. Mountain West fails to state, in violation of Local Rule 7.1(c)(1), whether the State opposes this motion. The State has not filed a response brief to the Motion, which perhaps means it is unopposed. The Court further notes that this Motion was filed on November 9, 2017, which is the "fully briefed" motions deadline according to this Court's July 26, 2017, Scheduling Order. (Doc. 115 at 2.) While the Court is inclined to deny this Motion as untimely, based upon the uncertain nature of the record on this motion, and the fact that trial is fast approaching, the Court will reserve ruling until the time of trial.

This case will proceed to trial as scheduled on February 26, 2018. The Court has set aside five days for this trial. The parties are hereby advised that the

deadlines and requirements described in the Court's July 26, 2017, Scheduling Order (Doc. 115), remain in full force and effect. Accordingly,

IT IS ORDERED that:

(1) Mountain West's Motion for Summary Judgment (Doc. 116) is DENIED.

(2) The State's Third Motion for Summary Judgment (Doc. 120) is DENIED.

(3) The State's Motions in Limine (Docs. 124; 126) are DENIED, subject to renewal at trial.

(4) Mountain West's Motion in Limine (Doc. 128) is DENIED, subject to renewal at trial.

(5) Mountain West's Motion to Amend (Doc.139) is GRANTED. Plaintiff shall immediately file its second amended complaint, and the State shall file an answer by February 9, 2018.

(6) The Court reserves ruling on Mountain West's Motion to Strike (Doc. 141).

DATED this 30th day of January, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court